[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 14, 2011
JOHN LEY
CLERK

No. 10-14207
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00072-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO PEREZ-RAMIREZ,
a.k.a. Raul Perez-Corales,
a.k.a. Cesar Perez, etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Antonio Perez-Ramirez appeals his sentence imposed after pleading guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). Perez-Ramirez asserts his sentence is procedurally unreasonable because the district court did not justify the sentence with an individualized rationale. Perez-Ramirez also contends his sentence is substantively unreasonable because the district court gave too much weight to the Sentencing Guidelines and failed to give adequate weight to the other § 3553(a) factors. After review,[1] we affirm Perez-Ramirez's sentence.

Perez-Ramirez has not established that his within-Guidelines sentence of 46 months' imprisonment is unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (stating the party challenging the reasonableness of the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)"). First, the district court committed no procedural error. The court correctly calculated the Guidelines range, considered Perez-Ramirez's arguments, considered the § 3553(a)[2] factors and did not treat the Guidelines as mandatory. *See Gall*, 552

---

[1] We review the reasonableness of a district court's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

[2] In imposing a particular sentence, the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment,

U.S. at 51. Additionally, we reject Perez-Ramirez's argument the district court's general statement that it considered the 18 U.S.C. § 3353(a) factors was not adequate because the court did not explain how the factors applied specifically to his case or how they justified the sentence imposed. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (explaining the district court need not discuss or explicitly state on the record each § 3553(a) factor and that an acknowledgment by the district judge that he or she has considered the § 3553(a) factors is sufficient for review).

Further, the sentence is substantively reasonable. The sentence was within the Guidelines range, and we accord an expectation of reasonableness to such a sentence. *See Talley*, 431 F.3d at 787-88 (explaining that although a within-Guidelines sentence is not *per se* reasonable, we ordinarily expect a within-Guidelines sentence to be reasonable). Additionally, while the district court did give some weight to the advisory Guidelines range, the record shows it also gave adequate weight to the other § 3553(a) factors. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (explaining a sentence is substantively

---

afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care or other treatment, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

reasonable, if, under the totality of the circumstances, it achieves the purposes of § 3553(a)).  Perez-Ramirez has not met his burden to show an abuse of discretion. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**